NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION; PHOENIX ENTERTAINMENT PARTNERS, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CANTON PHOENIX INCORPORATED, DBA Canton Phoenix; BING PAN ZHU, <br><br> Defendants-Appellees. | No. 14-36018 <br><br> D.C. No. 3:14-cv-00764-PK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted May 8, 2017[**]
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[***] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

This suit by Slep-Tone Entertainment Corporation raises trademark infringement claims against Canton Phoenix Incorporated and its owner, Bing Pan Zhu, arising out of Canton's use of unauthorized copies of Slep-Tone's karaoke accompaniment tracks bearing Slep-Tone's registered trademarks.[1]  The district court dismissed Slep-Tone's claims.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  As we recently held in a case involving identical claims by Slep-Tone, the district court correctly dismissed the Lanham Act claims because Slep-Tone's complaint instead sounds in copyright.  *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1248-50 (9th Cir. 2017) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-34 (2003)).

2.  The district court did not abuse its discretion in denying leave to amend the complaint because Slep-Tone did not request below leave to amend to assert copyright claims, and any reassertion of its trademark claims would be futile.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**AFFIRMED.**

---

[1]  On appeal, the court has added Phoenix Entertainment Partners, LLC, the successor-in-interest to Slep-Tone Entertainment Corporation, as an additional appellant.  We refer to these entities collectively as "Slep-Tone."